# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**FILED**
**U.S. District Court**
**District of Kansas**
07/20/2026
**Clerk, U.S. District Court**
**By:_ AS _Deputy Clerk**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**CASE NO.** 26-6159-01-BGS

**CAREY WATTS,**

**Defendant.**

# CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

## COUNT 1

**ASSAULTING A FEDERAL OFFICER**
**[18 U.S.C. § 111]**

On or about July 20, 2026, in the District of Kansas, the defendant,

**CAREY WATTS,**

did knowingly and intentionally forcibly assault, resist, impede, intimidate and interfere with M.W., a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, an officer or employee of the United States, while M.W. was engaged in the performance of his official duties, and the defendant caused physical contact and inflicted bodily injury and did so while using a deadly and dangerous weapon, to wit: a firearm.

In violation of Title 18, United States Code, Sections 111(a)(1) and (b).

## COUNT 2

**USING AND CARRYING A FIREARM DURING THE COMMISSION OF
A CRIME OF VIOLENCE
[18 U.S.C. § 924(c)]**

On or about July 20, 2026, in the District of Kansas, the defendant,

**CAREY WATTS,**

did knowingly carry and use a firearm, that is, Shadow Systems, model MR920, 9x19

caliber handgun, during and in relation to a crime of violence for which he may be

prosecuted in a court of the United States, that is, Assaulting a Federal Officer, in violation

of Title 18, United States Code, Sections 111(a)(1) and (b).

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE NOTICE

1.      The allegations contained in Counts 1-2 of this Complaint are hereby

realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to

Title 18, United States Code, Section 924(d), Title 26, United States Code, Section 5872(a),

and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of one or more of the offenses set forth in Counts 1-2 of this

Complaint, the defendant shall forfeit to the United States, pursuant to Title 18, United

States Code, Section 924(d) and Title 28, United States Code, Section 2461(c) any firearms

or ammunition involved in the commission of the offenses, including, but not limited to:

A.      Shadow Systems, model MR920, 9x19 caliber handgun, s/n
SSC118127; and

B.      any ammunition.

2

3.    Upon conviction of one or more of the offenses set forth in Counts 1-2 of this Complaint, the defendant shall forfeit to the United States, pursuant to Title 26, United States Code, Section 5872(a) any firearm involved in the commission of the offense, including, but not limited to:

A.    Shadow Systems, model MR920, 9x19 caliber handgun, s/n SSC118127.

All pursuant to Title 18, United States Code, Section 924(d), Title 26, United States Code, Section 5872(a), and Title 28, United States Code, Section 2461(c).

I further state that I am a Special Agent of the Federal Bureau of Investigation (FBI), and that this Complaint is based on the following facts:

See accompanying Affidavit, which is incorporated by reference as though set out in full herein, and offered in support of a finding that probable cause exists to believe the defendant, CAREY WATTS, committed the offenses set forth in this Complaint.

*Bryan Knowles*
Bryan Knowles
Special Agent, FBI

Sworn to me via telephone this 20th day of July, in Wichita, Kansas.

After reviewing this Complaint and the accompanying Affidavit, there is probable cause to believe that defendant, CAREY WATTS, committed the offenses set forth in this Complaint.

| Brooks G. Severson | |
| --- | --- |
| United States Magistrate Judge | Signature of Judicial Officer |

3

## **PENALTIES**

**Count 1:  18 U.S.C. 111(a)(1) [ Assaulting a Federal Officer]**

- Punishable by a term of imprisonment of not more than eight (8) years.  18 U.S.C. § 111(a).
- A term of supervised release not more than three (3) years.  18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000.  18 U.S.C. § 3571.
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

If the defendant commits such a violation while using a deadly or dangerous weapon pursuant to 18 U.S.C. § 111(b):

- Punishable by a term of imprisonment of not more than twenty (20) years. 18 U.S.C. § 111(b).
- A term of supervised release not more than three (3) years.  18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000.  18 U.S.C. § 3571.
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

**Count 2: 18 U.S.C. §924(c)- [Carry and Use of a Firearm in Relation to a Crime of Violence]**

- Punishable by a term of imprisonment of not less than five (5) years.  18 U.S.C. § 924(c)(1)(A)(i). This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant.  18 U.S.C. § 924(c)(1)(D)(ii).
- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).
- A fine not to exceed $10,000.  26 U.S.C. § 5871.
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR CRIMINAL COMPLAINT

I, Bryan Knowles, Special Agent of the Federal Bureau of Investigation, being duly sworn, state the following:

### INTRODUCTION

1. This Affidavit is being offered in support of an Application for Criminal Complaint for CAREY WATTS a black male, for violation of Title 18, United States Code, Section 111(a)(1) and (b) Assaulting a Federal Officer and Title 18, United States Code, Section 924(c)(1)(A) Using and Carrying a Firearm During the Commission of a Crime of Violence. I am a Special Agent with the Federal Bureau of Investigation (FBI), assigned to the Safe Streets Task Force and assigned to the Kansas City Field Division, Wichita Resident Agency since May 2026. I received my initial law enforcement training and instruction to become a law enforcement officer in 2009 at the Wichita-Sedgwick County Law Enforcement Training Center located in Wichita, Kansas where I received training concerning violations of criminal statutes as they relate to violations of the laws of the State of Kansas and the United States of America. I joined the FBI in 2019 where I was assigned to work various violations in the Springfield Illinois Field Office. The statements contained in this affidavit are based on information known to me as a result of my participation in this investigation or on information provided to me by witnesses or other law enforcement personnel involved in this investigation. The statements are also based upon the collective experience of other law enforcement personnel involved in this investigation and on my own training and experience as a Special Agent.

**PROBABLE CAUSE**

On July 20, 2026, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) orchestrated an undercover operation in Wichita, Kansas, that included the ATF, Federal Bureau of Investigations, several Federal Task Force Officers and Local Law Enforcement Officers. Undercover ATF Agent "UC-5849" (ATF UC) and ATF Confidential Human Source number "3302" (ATF CHS) were used for this operation.

ATF CHS communicated via telephone with a subject, later identified as CAREY WATTS, to purchase one ounce of Fentanyl for $1,400.00. WATTS instructed the ATF CHS to meet at the Brentwood Apartments located at 6602 East Harry, Wichita, KS. At approximately 4:30 PM, the ATF UC drove them both to meet WATTS. They parked in the southeast corner parking lot for the apartment complex.

WATTS was observed walking from an unknown location and met the ATF CHS outside of the ATF undercover vehicle. The ATF CHS then sat in the front passenger seat and WATTS sat behind the ATF CHS.

WATTS produced the Fentanyl and was paid $1,400.00. After this purchase was complete, the ATF UC asked if WATTS had "any pipes" for sale, referring to firearms. WATTS then confirmed he did by showing them a firearm in his waistband. The ATF UC asked to purchase the firearm. WATTS then removed the magazine from the firearm and handed it to the ATF UC. They agreed on a price of $1,200.00 to purchase the firearm. The ATF UC then paid WATTS for the firearm.

The ATF UC asked for the gun magazine from WATTS. WATTS asked for the firearm back so he could insert the magazine for the ATF UC. As the ATF UC was handing it back to him, WATTS grabbed the firearm and tried to quickly exit the vehicle, while holding the firearm. Knowing WATTS now had the firearm, the magazine, and being unsure what WATTS intended to do with it, the ATF UC grabbed onto WATTS and tried holding onto the firearm. WATTS then struck the ATF UC on the face and back of the head several times with the firearm.

WATTS was able to get out of the vehicle while the ATF UC was still holding onto him. A struggle continued outside of the vehicle on the ground. The ATF CHS then exited the vehicle and jumped onto WATTS and grabbed him to help restrain WATTS. Shortly after exiting the vehicle, other federal agents and local law enforcement offers arrived on scene for the rescue and detained WATTS. When the altercation began, the distress signal was given over the audio that was being transmitted from the ATF vehicle and then also given over the radio.

2

The ATF UC received a laceration to the back of his head, swelling and abrasions to his face, and other abrasions throughout his body. The ATF UC had not received evaluations for internal injuries at the time this affidavit was written.

The firearm was identified as a black, Shadow Systems, model MR920, serial number "SSC118127," 9x19cal.

    Further Affiant Saith Naught.


*Bryan Knowles*

BRYAN KNOWLES
SPECIAL AGENT
Federal Bureau of Investigation


    Subscribed and sworn to before me this this 20th day of July 2026.


*Brooks Severson*

HONORABLE BROOKS SEVERSON
United States Magistrate Judge
District of Kansas

3